IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **FRANK CHARLES MOORE,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:11-CV-155 (MTT) |
| | : | |
| **BRIAN OWENS,** | : | |
| | : | Proceeding under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Respondent Commissioner Brian Owens has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Doc. 12. Because Petitioner failed to file his petition within the one-year period of limitations and has failed to show adequate grounds for equitable tolling, it is **RECOMMENDED** that the petition be **DIMISSED**.

PROCEDURAL HISTORY

On October 25, 2007, Petitioner Frank Charles Moore entered a guilty plea and was sentenced in the Superior Court of Bibb County for fourteen counts of burglary. On June 5, 2008, Petitioner filed a motion to withdraw his guilty plea. The court entered an order denying the motion to withdraw the guilty plea as untimely on June 20, 2008.

On August 22, 2008, Petitioner filed a state habeas corpus petition. Following an evidentiary hearing on September 2, 2009, the petition was denied on January 26, 2010. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to

appeal on October 4, 2010. On April 4, 2011, Petitioner executed his federal habeas corpus petition in this court.

## DISCUSSION

Respondent contends that Petitioner's federal habeas corpus petition should be dismissed as untimely because Petitioner failed to submit his petition within one year of Petitioner's conviction becoming final. An individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] A conviction becomes final on the date of the United States Supreme Court's denial of a petition for writ of certiorari or when the time for filing a petition for certiorari has expired. Clay v. United States, 537 U.S. 522, 527 (2003). Unless there is a clear statutory or constitutional bar to higher state court review, the U.S. Supreme Court requires petitioners to seek review in the state's highest court before considering a petition for certiorari. Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006). If the petitioner fails to seek review in the state's highest court, the conviction becomes final when the time to seek review has expired. See id. at 1299-3000.

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. Once the petitioner files a motion for post-conviction relief, the tolling of the one-year time period begins. 28 U.S.C. 2244(d)(2). The motion for post-conviction relief must be "properly filed" to toll the one-year time period. Id.; Artuz v. Bennett, 531 U.S. 4, 8 (2000). A motion is "properly filed" when its delivery and acceptance comply with the laws and rules governing filings, including, for example, the applicable form of the document and the time limits on its delivery. Artuz, 531 U.S. at 8. The one-year period then resumes running when the

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C § 2244(d)(1); however, none of those grounds are applicable in this case.

state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

Here, Petitioner failed to execute his federal habeas corpus petition within the one-year statutory requirement. Petitioner's convictions became final no later than November 26, 2007, the date that the thirty-day period during which he could have filed a notice of appeal in the Georgia Court of Appeals expired. See O.C.G.A. § 5-6-38. Petitioner then waited 280 days, or until August 22, 2008, to file a state habeas corpus petition. This tolled the one-year period until October 4, 2010, when the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the decision denying the state habeas petition. Petitioner then waited another 182 days to file his federal habeas corpus petition. The total of 462 days that ran between the date that Petitioner's conviction became final and the date that he filed his federal habeas corpus petition makes his petition untimely.

Petitioner argues that the one-year period of limitations should have been tolled on two other occasions. Petitioner first argues that the time period should have been tolled when he filed his motion to withdraw his guilty plea. Petitioner's motion to withdraw his guilty plea did not toll the time period because it was not properly filed. The motion to withdraw the guilty plea was not timely filed because Petitioner failed to file the motion within the same term of court as his plea. See Bonner v. State, 268 Ga.App. 170, 171 (2004); O.C.G.A. § 15-6-3(23)(a) (providing the terms of court for Bibb County).

Even if the period of limitations had been tolled by the motion to withdraw the guilty plea, Petitioner's federal habeas corpus petition would still be untimely. Petitioner waited 192 days from the date his conviction became final until he filed his motion to withdraw his guilty plea on June 5, 2008. The motion to withdraw the guilty plea was denied on June 20, 2008. After

the thirty (30) days Petitioner had to file a notice of appeal, the limitations period would have begun to run again on July 21, 2008. Petitioner then waited thirty-two (32) days to file his state habeas petition. Those thirty-two days added to the previous 192 days and the subsequent 182 days amount to a total of 406 days between the final conviction and Petitioner's federal habeas corpus action.

Petitioner then argues that the one-year period of limitations should have been tolled for another thirty days after his application for a certificate of probable cause to appeal his state habeas corpus petition was denied. Petitioner contends that the thirty-day time period to apply for a writ of certiorari to the United States Supreme Court should count towards the tolled time. That thirty-day time period does not count towards the tolled time. See Lawrence, 549 U.S. at 333-34. Even if the period of limitations had been tolled during those thirty days, however, Petitioner's federal habeas corpus petition would still be untimely. If the Court were to accept both of Petitioner's tolling arguments, there would still be 376 days between the date that his convictions became final and the date that he filed his federal habeas corpus petition.

Petitioner has also failed to show that he is entitled to equitable tolling of the one-year period of limitations. Petitioner maintains in his petition that he is entitled to equitable tolling because he is actually innocent of the crimes for which he was convicted. A court may consider an untimely petition if refusing to consider the merits of the petition "would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (internal quotation marks omitted). The actual innocence exception to the statute of limitations is extremely narrow in scope, and the petitioner must show that his is factually innocent rather than legally innocent to meet the exception. Id. at 1268. To meet this exception, a petitioner must

show, based on reliable evidence not presented at trial, that no reasonable juror would have convicted him of the offense. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Petitioner has only cited to defects in the indictment to which he pled guilty, and has not provided any evidence that he is factually innocent of the crimes that he pled guilty to. Accordingly, Petitioner is not entitled to equitable tolling.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

For the above reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** the instant Section 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

Also before the Court is Petitioner's Motion to Compel (Doc. 17). In view of the above recommendation to dismiss Petitioner's Section 2254 petition as untimely, Petitioner's Motion to Compel is **DENIED**.

**SO RECOMMENDED AND ORDERED**, this 4th day of November, 2011.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge